[Cite as *In re M.F.*, 2018-Ohio-4674.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re M.F., Marl.S., Mary.S.

Court of Appeals No. L-18-1154

Trial Court No. JC 16259676

### DECISION AND JUDGMENT

Decided: November 20, 2018

* * * * *

Laurel A. Kendall, for appellant.

Jill Wolff, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from the June 21, 2018 judgment of the Lucas County

Court of Common Pleas, Juvenile Division, terminating the parental rights of appellant,

I.F., the father of Marl.S. and Mary.S., and the alleged father of M.F., and granting

permanent custody of the children to appellee, Lucas County Children Services

("LCCS"). For the reasons that follow, we affirm the judgment.

{¶ 2} Appellant sets forth one assignment of error:

I. The trial court abused its discretion when it terminated the parental rights of appellant I.F[.], approximately eighteen months after the children entered the temporary custody of LCCS, and before the expiration of the twenty-four month statutory maximum for temporary custody pursuant to R.C. 2151.414(D)(2)(b).

**Background**

{¶ 3} Appellant is the biological father of Marl.S., born in November 2013, and Mary.S., born in March 2015, and the alleged father of M.F., born in November 2009; these three children are the subject of the permanent custody award in this appeal. The mother of the children is not a party to this appeal.

{¶ 4} On December 22, 2016, LCCS filed a complaint in dependency and neglect, and for protective supervision, due to concerns that the parents were abusing substances and M.F.'s medical and educational needs were not being met. LCCS was awarded protective supervision of the children, and the children remained at home with appellant and mother. Appellant eventually moved out of the home.

{¶ 5} On January 24, 2017, appellant failed to appear at a scheduled mediation.

2.

{¶ 6} On February 15, 2017, an amended complaint in dependency and neglect was filed. On April 18, 2017, a shelter care hearing was held, and the children were adjudicated neglected. LCCS was awarded interim temporary custody of the children and they were removed from mother's home and ultimately placed with relatives.

{¶ 7} On September 25, 2017, LCCS filed a return of custody. On December 28, 2017, a hearing was held and temporary custody of the children was awarded to LCCS, although the children remained in their placements.

{¶ 8} On January 3, 2018, LCCS moved for permanent custody of the children. On June 8 and 12, 2018, the permanent custody hearing was held. Appellant did not appear at the June 8 hearing, but did appear on June 12, 2018.

{¶ 9} On June 13, 2018, a hearing was held and the juvenile court announced its decision awarding permanent custody of the children to LCCS. Appellant did not appear at that hearing. Appellant timely appealed the juvenile court's decision.

## The Hearing

{¶ 10} LCCS called four witnesses, including the caseworker and guardian ad litem ("GAL"), to testify at the June 8 and 12, 2018 hearing. Appellant did not testify nor did he call any witnesses to testify. The relevant testimony is summarized below.

## Caseworker

{¶ 11} Rick Mendieta, the ongoing caseworker, testified to the following. In December 2016, LCCS became involved with the family due to concerns that both parents abused substances and the oldest child was not going to school and was not

3.

having his mental health needs met. A shelter care hearing was held where the court awarded protective supervision of the children to LCCS, and the court ordered the parents to get involved with treatment, to send the two younger children to daycare every day, and to have the oldest child assessed and placed back in services.

{¶ 12} Mendieta was assigned to work with the family in January of 2017, at which time a case plan was developed to "get * * * everyone engaged with services." Appellant was assessed at Unison in January 2017, and was diagnosed with opiate use disorder. Appellant was referred to IOP (intensive outpatient) treatment. However, he did not initially engage in services, and there was suspected continued drug usage. Appellant was discharged unsuccessfully from Unison.

{¶ 13} In February 2017, another shelter care hearing was held and LCCS asked for temporary custody of the children.

{¶ 14} In April 2017, appellant was drug tested and was positive for fentanyl, heroin, opiates and THC. At other times throughout the case, it was requested that appellant submit to drug testing, but he did not comply.

{¶ 15} Appellant completed an intake at another treatment center and was referred to IOP treatment, but was discharged in June 2017, for noncompliance.

{¶ 16} In August 2017, appellant was removed from the case plan because he did not appear for a contested hearing concerning genetic testing of the children. In January 2018, the two youngest children were brought in for genetic testing.

4.

{¶ 17} In February 2018, appellant started a third treatment center and admitted to almost daily drug usage; he was discharged from that center in April 2018. At the time of trial, appellant had not completed any type of treatment program.

{¶ 18} Mendieta stated M.F. has been in his current placement with an aunt and her husband since March 2017, and Marl.S. and Mary.S. have been in their current placement with an uncle and his wife since March 2017, and the children's needs are being met. Neither Marl.S. nor Mary.S. has special needs, but M.F. has been diagnosed with ADHD as well as an unspecified disruptive disorder and impulse control. For these needs, M.F. receives counseling and medication. Since he has been medicated, M.F. has been doing really well, he has brought up his grades, he was having less disruptions in school and he was able to follow household rules. M.F. is sad because he wants to be with his mother but knows it is not a safe place for him.

{¶ 19} Appellant occasionally visited with the children when they were visiting with mother, if appellant was notified of the visit. Appellant last visited with the children in May 2018. It was concerning to Mendieta that appellant was not playing a consistent role in the children's lives.

{¶ 20} Mendieta recommended that permanent custody of the children be awarded to LCCS, because the children have waited long enough for their parents to get sober and get the children back home.

5.

## GAL

**{¶ 21}** Christine Kimberly testified she was the GAL who was appointed in January 2017, to represent the children. She authored a report and recommendation, which was filed on April 17, 2018, in which she set forth her recommendations regarding custody of the children. She recommended that permanent custody of the children be awarded to LCCS.

**{¶ 22}** Kimberly noted she was involved in the case for about a year and one-half, and while the parents engaged in treatment several times, they failed to become sober and maintain sobriety. This was concerning because when the children lived at home with the parents, the parents allowed their substance abuse issues to interfere with their ability to care for the children and meet the children's needs. Moreover, even though the parents had a year and one-half to address their dependence on substances, very little progress was made. Therefore, the parents will not be able to create a safe environment for the children or meet their needs if the children are returned home.

**{¶ 23}** Kimberly stated the children's needs are being met at this time. Marl.S. and Mary.S. are really well adjusted, are in daycare, are learning, and are outgoing, healthy and happy. M.F. is receiving case plan services, sees a counselor and is on medication. M.F. really wants to live with his siblings.

**{¶ 24}** Kimberly testified appellant was employed at times, including at a pizza restaurant. She was not sure if appellant had independent housing or if he was living with his mother. When Kimberly was in contact with appellant, appellant was asked to

6.

undergo drug testing, but did not comply. Kimberly has not had regular contact with appellant since April 2018. She learned from the children's caregivers that appellant had sporadic visits with the children, and his last visit was May in 2018.

**Juvenile Court's Decision**

**{¶ 25}** On June 21, 2018, the juvenile court issued its judgment entry in which it granted permanent custody of the children to LCCS. The court noted the issues which caused LCCS to become involved with the family included appellant's use of heroin while attempting to care for the children, M.F.'s tardiness to school and absences from school, and a bench warrant for appellant.

**{¶ 26}** The court observed that throughout the case, appellant was offered case plan services including substance abuse treatment, mental health treatment, case management services, housing and visitation.

**{¶ 27}** The court noted appellant completed an intake at Full Circle on March 30, 2017, and was referred to IOP. Appellant's last random drug screen was on April 18, 2017, and he tested positive for fentanyl, heroin, opiates and THC. Appellant was unsuccessfully discharged from Full Circle in July 2017, for noncompliance. Appellant was also assessed at other times throughout the case and was referred to treatment, but he was discharged from all of the treatment providers unsuccessfully. At the time of trial, appellant was not engaged with case plan services, and continued to use drugs.

**{¶ 28}** The court found, by clear and convincing evidence, pursuant to R.C. 2151.353(A)(4) and 2151.414(E)(1), (2) and (4), that the children could not be placed

7.

with appellant within a reasonable time, and should not be placed with appellant, and that pursuant to R.C. 2151.414(D), an award of permanent custody to LCCS was in the children's best interest.

{¶ 29} The court further found LCCS made reasonable efforts to prevent the need for the removal of the children from their home, but the efforts were unsuccessful. The court found, with respect to appellant, the conditions which caused the children to be removed from the home have not been remedied and the children could not be returned to appellant within a reasonable time.

{¶ 30} The court further found appellant has chronic substance abuse issues that are so severe that it makes him unable to parent now or, as anticipated, within one year from the hearing. Appellant was diagnosed with opioid use disorder, was offered treatment but was unsuccessfully discharged, refused to be drug tested when requested, tested positive for drugs when he was tested, and admitted to continued drug use.

{¶ 31} The court further found appellant has shown a lack of commitment to the children. He last saw the children in May 2018, and before that, only visited sporadically.

{¶ 32} The court considered all of the best interest factors in R.C. 2151.414(D), and concluded it was in the children's best interest that permanent custody be awarded to LCCS. The court found the children are very bonded with each other, their special needs are being addressed in counseling, and the children deserve a safe, stable home. The court found the children are doing well in their placements, are in need of a legally secure

8.

placement and an award of permanent custody will facilitate an adoptive placement. The court noted the GAL recommended, and the caseworker testified, that permanent custody was in the children's best interest.

## The Appeal

### Appellant's Assignment of Error

{¶ 33} Appellant argues the court abused its discretion by not allowing him the maximum amount of time available to address his drug addiction by entering mental health services and completing a case plan. Appellant contends the children had only been in LCCS's temporary custody for nine months, from September 2017 until June 2018, as the children were in the care of relatives before that time. Appellant maintains since R.C. 2151.414(D)(2)(b) allows the children to remain in LCCS's temporary custody for up to two years, he still had over a year of time available to remedy his substance abuse issue and demonstrate his ability to care for the children. Appellant requests a finding that the juvenile court abused its discretion by not extending the case a few months in order to allow him the opportunity to complete substance abuse services.

{¶ 34} LCCS counters the juvenile court did not rely on R.C. 2151.414(D)(2)(b) in deciding it was in the children's best interest to grant permanent custody to LCCS. LCCS notes that case plan services were offered to the family, and pursuant to R.C. 2151.414(E), the court was only required to find that one factor applies in order to award LCCS permanent custody of the children. LCCS observes the court found R.C. 2151.414(E) (1), (2) and (4) were all present, and the court had before it clear and

9.

convincing evidence that granting permanent custody of the children to LCCS was in the children's best interest.

{¶ 35} LCCS maintains appellant was referred to dual assessments and substance abuse treatment and had 18 months to take advantage of treatment, but did not do so.

{¶ 36} LCCS contends temporary custody of the children should not have been extended. Under R.C. 2151.415(D)(1), the court may only extend the temporary custody order of the children if it finds, inter alia, there has been significant progress on the case plan. LCCS submits appellant did not substantially comply with the case plan since he was unsuccessfully discharged from every treatment program that he entered, he is still using drugs and he was sporadic in his visits with the children.

### Analysis

{¶ 37} At the outset we note that appellant does not raise a manifest weight of the evidence challenge. Rather, appellant takes issue with the timing of the juvenile court's decision granting permanent custody of the children to LCCS, as the decision was rendered before the expiration of the 24-month statutory maximum period that LCCS may have temporary custody of the children. We will therefore limit our review accordingly.

{¶ 38} With respect to appellant's argument that the juvenile court abused its discretion by not allowing him the maximum amount of time available to address his drug addiction, we recently addressed a similar issue in *In re D.J.*, 6th Dist. Lucas No.

10.

L-18-1010, 2018-Ohio-2759. There, the father argued the juvenile court erred in finding LCCS had made reasonable efforts to reunify the children because the father had completed domestic violence classes and mental health counseling, and could have retaken parenting classes since there were two months remaining before temporary custody would have terminated, but LCCS did not permit him to complete the case plan. *Id.* at ¶ 17.

{¶ 39} We noted that "[w]hile the General Assembly determined temporary custody orders should be resolved within 24 months * * * it also gave the agency with temporary custody the right to move at any time for a final dispositional order, R.C. 2151.353(F)(2)." *Id.* at ¶ 20. We therefore rejected the father's argument that LCCS had to wait a longer period of time to file the motion for permanent custody. *Id.*

{¶ 40} In addition, we found "there was clear and convincing evidence to support the court's finding [under R.C. 2151.414(B)(1)(a) that] the children could not be placed with the father within a reasonable time or should not be placed with him." *Id.* at ¶ 21. We observed "[t]he father had approximately 18 months to work on reunification before the hearing on the motion to terminate his parental rights." *Id.* "[D]espite the father's participation in case plan services, his mental health did not significantly improve and he was unable to alter his [inappropriate] behavior." *Id.*

{¶ 41} Here, the record shows appellant had about 18 months to address his substance abuse issues and work on reunification with his children before the hearing on the motion to terminate his parental rights. During those months, appellant was offered

11.

treatment services at three different facilities but did not successfully complete any services and continued to abuse substances. We find, in accordance with our holding in *In re D.J.*, that LCCS had the right, pursuant to R.C. 2151.353(F)(2), to move for a final dispositional order when it did. Accordingly, the juvenile court did not abuse its discretion by rendering its decision before the expiration of the 24-month statutory maximum period for temporary custody.

{¶ 42} With respect to appellant's contention that the juvenile court abused its discretion by not extending the case a few months in order to allow him the opportunity to complete substance abuse services, we find appellant was not entitled to such an extension. The juvenile court may only extend temporary custody if it finds there has been significant progress on the case plan, pursuant to R.C. 2151.415(D)(1), and appellant did not demonstrate any progress on the case plan, much less significant progress.

{¶ 43} In light of the foregoing, appellant's assignment of error is found not well-taken.

{¶ 44} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

12.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                      _____
JUDGE

Thomas J. Osowik, J.

_____

James D. Jensen, J.                               JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.